COOLEY GODWARD LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
GRANT P. FONDO (181530) (gfondo@cooley.com)
LAURA R. SMITH (205159) (laura.smith@cooley.com)
MONIQUE R. SHERMAN (227494) (msherman@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
KEITH G. BAXTER and RONALD J. GOEDDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KEITH G. BAXTER, RONALD J. GOEDDE, RICHARD D. NYE,<br><br>Defendants. | Case No. C-05-03843-RMW<br><br>[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER |

In order to protect the confidentiality of Confidential Information (as defined herein) obtained by the parties in connection with this case, Plaintiff Securities and Exchange Commission ("SEC"), on the one hand, and Defendants Keith G. Baxter, Ronald J. Goedde and Richard D. Nye (collectively, "Defendants") on the other hand, hereby agree as follows:

1. "Confidential Information" shall refer to any document or response to discovery request (including responses to a deposition question) which falls in the following categories: sensitive personal information, such as social security numbers, home address and home and personal telephone numbers; financial information, such as bank account and brokerage account information or personal information from other financial institutions; state and federal income tax information, including tax forms; and any other personal information subject to protection under the Federal Rules of Civil Procedure and applicable state and federal law, including 26 U.S.C. §6103, Cal. Rev. & Tax Code §§ 451, 19542 and 19552 and Cal. Const., Art. 1, §1, which if improperly disclosed, is likely to cause harm to a party. Any party may designate such Confidential Information as "Confidential" by stamping the relevant page or as otherwise set forth herein. Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. A party may designate Confidential Information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

US_WEST:260008550.3
16781-2001

1.

[PROPOSED] STIPULATED CONFIDENTIALITY
AND PROTECTIVE ORDER

Case 5:05-cv-03843-RMW   Document 48   Filed 05/08/06   Page 3 of 8

designation.

3. Except as set forth in Paragraph 13 of this Order, all information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) Counsel for the respective parties to this litigation, including any co-counsel retained for this litigation;

(b) Employees of such counsel;

(c) Individual Defendants;

(d) Staff of Plaintiff SEC;

(e) Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(f) Any authors or recipients of the Confidential Information;

(g) The Court, Court personnel, and court reporters; and

(h) Witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

US_WEST:260008550.3
16781-2001

2.

[PROPOSED] STIPULATED CONFIDENTIALITY
AND PROTECTIVE ORDER

1  Information shall not be allowed to retain copies. In the interests of judicial economy and to promote efficiency among the parties in this litigation, any Confidential Information disclosed by a party to a witness who will not sign the Certification shall not be deemed as a waiver of the confidentiality of that information under this Order.

5.  Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.  For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

7.  A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Documents or discovery materials designated as "Confidential" already produced in this action prior to entry of this Order shall be protected and subject to the provisions herein. To the extent any party seeks to designate additional documents or discovery materials as "Confidential" which have already been produced in this matter, the party may do so within thirty (30) days after entry of this Order. Any party may voluntarily disclose to others without restriction any information designated by that party or non-party as "Confidential," although a

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

US_WEST:260008550.3
16781-2001

3.

[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as "Confidential." The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents, including documents produced prior to entry of this Order, shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) The party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material "Confidential" within the time period specified above after receipt of a written challenge to such designation; or

(c) The Court rules the material is not Confidential Information.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. If, following the conclusion of this action, a party receives a request for Confidential Information from a third party which does not fall under the provisions of Paragraph 13, the party receiving the request shall serve a "Notice of Intent to Produce" ("Notice") documents to all parties to this Order within ten (10) days of receiving the request. A party receiving the Notice will have ten (10) days to object to the production of "Confidential Information."

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

US_WEST:260008550.3
16781-2001

4.

[PROPOSED] STIPULATED CONFIDENTIALITY
AND PROTECTIVE ORDER

protected by privilege or work product protection.

13. Nothing in this order shall prevent the SEC from complying with its obligations under law concerning disclosure of documents, including, but not limited to, its published Routine Uses of Information in its Forms 1661 and 1662, the Freedom of Information Act and any other statutes or rules applicable to the SEC. Persons who wish to request that documents made available to the SEC not be disclosed pursuant to the Freedom of Information Act [5 U.S.C. §552] ("FOIA") must comply with the procedures set forth in SEC Rule 17 CFR §200.83 for requesting that information not be disclosed pursuant to the FOIA. Nothing in this Order shall prevent the SEC from making use of any Material designated as Confidential Information pursuant to the SEC's published Routine Uses of Information as set forth in SEC Forms 1661 and 1662. The SEC will use good faith to provide written notice to any person who has provided any material designated as Confidential Discovery Material 10 business days prior to making any disclosure pursuant to the Freedom of Information Act or in response to any subpoena in any litigation or proceeding provided such persons have fully complied with 17 CFR §200.83 and has also sent copies of any requests pursuant to 17 CFR §200.83 to SEC counsel of record in this action.

///

///

///

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

US_WEST:260008550.3
16781-2001

5.

[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

| | |
|---|---|
| Respectfully submitted, | |
| DATED: May 3, 2006 | DATED: May 3, 2006 |
| Grant P. Fondo<br>COOLEY GODWARD LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>(650) 843-6000 | Susan D. Resley<br>ORRICK, HERRINGTON<br>& SUTCLIFFE, LLP<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-4000 |
| /s/<br>*Counsel for Defendants Keith G. Baxter and Ronald J. Goedde* | /s/<br>*Counsel for Defendant Richard D. Nye* |

DATED: May 3, 2006

Robert M. Fusfeld
SECURITIES AND EXCHANGE
COMMISSION
1801 California Street
Suite 1500
Denver, Colorado 80202
(303) 844-1080

/s/
*Counsel for Plaintiff Securities and Exchange Commission*

## ORDER

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

DATED: 5/4, 2006.

*Patricia V. Trumbull*

~~The Honorable Ronald M. Whyte~~
United States District Judge
Northern District of California

PATRICIA V. TRUMBULL

US_WEST:260008550.3
16781-2001

6.

[PROPOSED] STIPULATED CONFIDENTIALITY
AND PROTECTIVE ORDER

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

## CERTIFICATION

I hereby certify my understanding the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *SEC v. Baxter, et al.*, Case No. C-05-3843 RMW (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will either return the Confidential Information – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information or destroy the Confidential Information and provide certification of such destruction in writing. I hereby consent to the jurisdiction of the United States District Court of the Northern District of California for the purpose of enforcing the Protective Order.

DATED:_____        By:_____

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

US_WEST:260008550.3
16781-2001

7.

[PROPOSED] STIPULATED CONFIDENTIALITY
AND PROTECTIVE ORDER